# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NATASHA WELLS,                              :
      Plaintiff,                          :
                                          :
v.                                         :     3:10-cv-2000 (CFD)
                                          :
YALE UNIVERSITY                            :
and BRIAN DONNELLY,                        :
      Defendants.                         :

## RULING ON MOTION TO DISMISS

The plaintiff, Natasha Wells, filed a three-count complaint in the Connecticut Superior

Court alleging common law claims of assault and battery, as well as use of unreasonable force in

violation of the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. §§

1983 and 1988. Yale University and Brian Donnelly (collectively, the "defendants") removed

the case to federal court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Defendant Yale has moved to dismiss Count Three of Wells' Complaint for failure to state a

claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] For the reasons that follow, Yale's motion is

granted.

## I.    Factual Background[2]

Brian Donnelly is a police officer, employed by Yale University in New Haven,

_____

[1] Count One alleges common law assault and battery against Donnelly; Count Two alleges the same against Yale; and Count Three alleges the Fourth Amendment claim against both defendants.

[2] These facts are taken from the allegations of the plaintiff's complaint. The allegations must be assumed true for the purpose of resolving the motion to dismiss.

Connecticut.[3]  At approximately 10:00 p.m. on August 5, 2010, Donnelly stopped a motor

vehicle on St. Ronan Street in New Haven that was operated by Wells.  The motor vehicle stop

occurred in a neighborhood of New Haven that contained many private homes that are

unaffiliated with Yale.  After stopping Wells' vehicle, Donnelly allegedly detained Wells and

subsequently assaulted and battered her.  As a result of the alleged assault and battery, Wells

suffered contusions and other injuries.

## II.    Discussion

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a

claim for relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007).  A claim is facially plausible if "the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

(2009) (internal citations omitted).  In determining whether the plaintiff has met this standard, the

Court must accept the allegations in the complaint as true and draw all reasonable inferences in

the light most favorable to the non-moving party.  See In re NYSE Specialists Sec. Litig., 503

F.3d 89, 95 (2d Cir. 2007).

In Count Three, Wells brings suit under 42 U.S.C. §§ 1983 and 1988, claiming that both

Donnelly and Yale are jointly and severally liable for Donnelly's alleged use of unreasonable

force in the course of arrest in violation of the Fourth Amendment to the U.S. Constitution.  Yale

---

[3] The Complaint alleges that although Yale is a private institution, both Yale and
Donnelly acted under color of state law.

argues that Wells' claim against it in Count Three should be dismissed because Wells has not alleged personal involvement of Yale in Donnelly's alleged acts.

Allegations of personal involvement by the particular defendant is a prerequisite to liability under a § 1983 claim.  See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in [the Second] Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)); Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) ("Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on a claim for damages under § 1983."); Piscottano v. Town of Somers, 396 F. Supp. 2d 187, 197 (D. Conn. 2005) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).  Here, Wells' Complaint contains no allegations with respect to Yale's personal involvement in Donnelly's alleged acts, or that any of Yale's policies caused the assault.  Instead, Wells appears to rely on the doctrine of respondeat superior, claiming that as Donnelly's employer, Yale should be held liable for the alleged constitutional violation.

Respondeat superior and vicarious liability are inapplicable in cases brought pursuant to 42 U.S.C. §§ 1983 and 1988.  See Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003) ("It is well settled, however, that the doctrine of respondeat superior standing alone does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity." (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978))); Fine v. City of New York, 529 F.2d 70, 75 n.11 (2d Cir. 1975) (noting that there is no vicarious liability for municipalities under 42 U.S.C. § 1988 for the acts of their employees).  Rather, "evidence of a supervisory official's 'personal involvement' in the challenged conduct is required."  Hayut, 352

F.3d at 753 (citing Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 254 (2d Cir. 2001)).

This principle applies both to governmental and private employers.  See Rojas v. Alexander's

Dep't Store, Inc., 924 F.2d 406, 409 (2d Cir. 1990) ("Although Monell dealt with municipal

employers, its rationale has been extended to private businesses.").  "Personal involvement" may

be demonstrated by evidence of any of the following:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed wrongful acts, or (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  Here, Wells' Complaint includes no

allegations of personal involvement, whether direct or indirect, by Yale.  There are no allegations

that Yale participated in the alleged acts by Donnelly; that Yale failed to remedy the wrong or

that Donnelly acted under a Yale-created policy, or that Yale was grossly negligent in supervising

Donnelly.  In fact, Wells' allegations indicate the opposite—Wells alleges that the alleged

altercation occurred in a neighborhood that contained private homes that were unaffiliated with

Yale.  Accordingly, Wells has failed to sufficiently allege Yale's personal involvement and her

claim in Count Three, brought under 42 U.S.C. §§ 1983 and 1988, that Yale is jointly and

severally liable for Donnelly's alleged use of unreasonable force in violation of the Fourth

Amendment is dismissed.

**III.**    **Conclusion**

Accordingly, the defendant's motion to dismiss [Dkt. #12] is GRANTED.

SO ORDERED this <u>28th</u> day of July 2011, at Hartford, Connecticut.

**/s/ Christopher F. Droney**
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**