UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NATASHA WELLS                            :
                                         :
VS.                                      :        NO. 3:10cv2000(WWE)
                                         :
YALE UNIVERSITY AND                      :
BRIAN DONNELLY                           :        SEPTEMBER 17,  2013


**JOINT TRIAL MEMORANDUM**

   **1. Trial Counsel**

PLAINTIFF:

        Joseph M. Merly, Esq. (ct21266)
        John R. Williams and Associates, LLC
        51 Elm St.
        New Haven, CT 06510
        Phone: (203) 562-9931
        Fax:: (203) 776-9494
        Email: jmerly@johnrwilliams.com


DEFENDANT:


**2. Jurisdiction**

This action is brought pursuant to 42 U.S.C. Section 1983.  The Court has

jurisdiction pursuant to 28 U.S.C. Section 1343 (3) and 1367 (a).

**3. Jury/Non-Jury**

This is a jury case.

**4. Nature of Case**

As stated by the Plaintiff:

The Plaintiff alleges that the Defendant violated her Fourth Amendment rights when he used unreasonable and excessive force while arresting the Plaintiff after a traffic stop on August 5, 2010 at approximately 10:00 p.m. At the time of the incident the Defendant, Brian Donnally, was a police officer employed by the Defendant, Yale University. The Plaintiff seeks compensatory and punitive damages.

As stated by the Defendant:

**5. Stipulations of Fact and Law**

A. The Defendant arrested the Plaintiff on or about August 5, 2010.

B. At the time of the arrest, the Defendant was a police officer employed by Yale University.

C. At the time of the arrest, the Defendant was acting under color of law.

**6. Plaintiff's Contentions**

Shortly before 10:00 p.m. on August 5, 2010, on St. Ronan Street near the intersection of Canner Street in New Haven, Connecticut, an area of private homes not affiliated with the defendant Yale University, the Defendant Donnelly stopped a motor vehicle being lawfully operated by the Plaintiff, Natasha Wells. During the course of the motor vehicle stop, and while the Plaintiff was not free to leave the area, the Defendant assaulted and battered the Plaintiff, inflicting injuries upon her.

As a direct result of the actions of the Defendant Donnelly's actions the Plaintiff suffered contusions of the face, neck and scalp, a crushing injury to her neck, contusions in multiple areas of her upper limbs, pain, fear, and emotional distress, and was required to obtain medical treatment.

The Defendant Brian Donnelly is a Yale Police Officer, employed by the Defendant Yale University.  At the time of the incident he was acting as the agent, servant and employee of the Defendant Yale University for its economic benefit and within the scope of his employment.

**7. Defendant's Contentions**

**8. Legal Issues**

As Stated by the Plaintiff:

      1. Whether the Defendant Donnelly used excessive force while arresting the Plaintiff on August 5, 2010.

      2.  Whether the doctrine of qualified immunity applies under all of the circumstances of this case.


As Stated by the Defendant:


**9. Voir Dire Questions**

      The Plaintiff's proposed Voir Dire questions are attached.

**10. List of Witnesses**

Plaintiff's Witnesses:

> **The Plaintiff reserves the right to supplement this list of witnesses as further information may be developed. The Plaintiff reserves the right to call any of the witnesses listed by the Defendant.  The Plaintiff also reserves the right to call witnesses for the purpose of impeachment or rebuttal**.

The Plaintiff may call the following witnesses:

1. Natasha Wells, Plaintiff; New Haven, CT

2. Susan Monahan, Plaintiff's life partner, New Haven, CT

3. David J. Young, M.D., Stony Creek Urgent Care Center, LLC, Branford, CT

4. Gina Magnetti, LCSW, Hamden, CT

5. Peter Wells, Plaintiff's father, New Haven, CT


Defendant's Witnesses:



**11. Exhibits**


> **The Plaintiff reserves the right to supplement this list of exhibits as further information may be developed. The Plaintiff reserves the right to introduce all the exhibits listed by the Defendant.  The Plaintiff also reserves the right to introduce exhibits for**

**impeachment or rebuttal.**

The Plaintiff may  introduce the following exhibits:

1. August 5, 2010 Video recorded by in-car audio/video (MVR0

   recording system.

2. Dr. David J. Young's medical records relating to his treatment of

   the Plaintiff for the injuries sustained as a result of this incident.

Defendants' Exhibits

**12. Deposition Testimony**

For the Plaintiff: None anticipated at this time.

For the Defendant:

**13. Requests for Jury Instructions**

The Plaintiff's proposed Jury Instructions are attached.

## 14. Anticipated Evidentiary Problems

The Plaintiff objects to the Defendant's proposed exhibits 3, 5, 6, 7, 8.

## 15. Proposed Findings and Conclusions

Not applicable.

## 16. Trial Time

The Plaintiff anticipates that she will need approximately one (1) day to put forth her case.

## 17. Further Proceedings

The Plaintiff submits that no further proceedings are necessary prior to trial.

## 18. Election for Trial by Magistrate

The Plaintiff has no objection to trial by a Magistrate Judge.

THE PLAINTIFF


BY: _/s/ Joseph M. Merly_____
      JOSEPH M. MERLY (ct21266)
      John R. Williams and Associates, LLC
      51 Elm Street
      New Haven, CT 06510
      Phone:203/562-9931
      Fax:  203/776-9494
      E-Mail: jmerly@johnrwilliams.com
      Her Attorney


CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


 /s/ Joseph M. Merly_____
JOSEPH M. MERLY