```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

NATASHA WELLS                    :
                                 :
                                 :
v.                               :   CIV. NO. 3:10CV2000 (HBF)
                                 :
YALE UNIVERSITY                  :
BRIAN DONNELLY                   :
```

### RULING ON PENDING MOTIONS

Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983, alleging excessive force in violation of the United States Constitution and a state law claim of assault and battery.[1] [Compl. Doc. #1]. Defendant Brian Donnelly is a police officer employed by Yale University in New Haven. A pretrial conference was held on October 2, 2013.

### Motion for Sanctions Re: Dr. DiMapa [Doc. #53]

Pending is defendants' Motion for Sanctions for plaintiff's failure to produce any records concerning her purported treatment with Dr. DiMapa. [Doc. #53]. Defendants seek an order prohibiting plaintiff from testifying about her alleged treatment with Dr.

---

[1] Count One alleges common law assault and battery against defendant Donnelly; Count Two alleges the same against Yale University; and Count Three alleges excessive force against both defendants pursuant to 42 U.S.C. §1983. On July 28, 2011, Count Three was dismissed against Yale University. [Doc. #18].

1

DiMapa or from introducing any medical records relating to this treatment into evidence.  It is undisputed that plaintiff did not treat with Dr. DiMapa but, rather, Dr. Ann Celeste Mapas-Dimaya. The clarification regarding plaintiff's misidentification of her treating doctor was not disclosed to defense counsel until August 30, 2013, despite repeated demands for copies of plaintiff's treatment records since plaintiff's June 26, 2012, deposition. To date, plaintiff has not provided treatment records from Dr. Mapas-Dimaya. On this record, defendants' Motion for Sanctions **[Doc. #53]** is **GRANTED**.  Plaintiff is precluded from testifying about her treatment with Dr. Ann Celeste Mapas-Dimaya and from introducing into evidence any medical records relating to her treatment.  Defendants are awarded reasonable attorney's fees for the filing of this motion. A scheduling order appears in the conclusion section of this ruling.

### Motion in Limine Re: Gina Magnetti [Doc. #58]

Defendants move for an order precluding plaintiff from offering any evidence or testifying about treatment and/or conversations with Gina Magnetti, LCSW, and from offering Ms. Magnetti as a witness at trial. At the pretrial conference, plaintiff's counsel stated that Ms. Magnetti will not be testifying at trial. Accordingly, defendants' Motion in Limine **[Doc. #58]**  is **GRANTED**. Plaintiff is precluded from offering any

2

evidence or testifying about treatment and/or conversations with Gina Magnetti, LSCW, and from offering Ms. Magnetti as a witness at trial.

**Motion in Limine  Re: Dr. David Young [Doc. #60] and Motion for Sanctions [Doc. #67]**

Defendants move to preclude the testimony and treatment records of Dr. David Young, based upon the alleged deficiencies in the medical records and the lack of an expert disclosure that complies with Fed. R. Civ. P. 26(a)(2)(B).

Federal Rule of Civil Procedure Rule 26(a)(2)(B) requires a written report to accompany disclosure "with respect to a witness who is retained or specially employed to provide expert testimony . . . ." Fed. R. Civ. P. 26 (a)(2)(B).  The report must contain,

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;

Fed. R. Civ. P. 26(a)(2)(B)(i-iii).  "The basis and opinions requirement means 'how' and 'why' the expert reached the conclusions and opinions to be expressed. The data and information refers to what the exert saw, heard, considered, read, thought about or relied upon in reaching the conclusions

3

and opinions to be expressed." Ordon v. Karpie, 223 F.R.D. 33, 35 (D. Conn. 2004).

On January 31, 2011, the parties agreed to close expert discovery by December 1, 2011. [Doc. #10]. On September 21, 2012, defendants filed a Motion in Limine to preclude expert testimony by Dr. Young. [Doc. #37]. The motion was denied by Judge Eginton on September 28, 2012, with directions to extend the case management schedule. [Doc. #39]. No extension of time was sought by either party. On February 5, 2013, Judge Eginton scheduled trial for May 13, 2013. [Doc. 40]. Defendants filed a Motion to Compel the expert disclosure of Dr. Young in accordance with the Fed. R. Civ. P. 26(a)(2)(C) and for production of plaintiff's treatment records from Dr. DiMapa. [Doc. #41]. On March 25, 2013, Judge Eginton granted defendants' motion absent objection and ordered plaintiff to "respond to defendant's requests with regard to expert disclosure. . . ." [Doc. #44]. On April 12, 2013, plaintiff served an amended disclosure of expert witness. No expert report from Dr. Young was appended to the amended disclosure.

Defendants argue vigorously that they would be severely prejudiced if the Court permits medical testimony at this date so close to trial. Defendants' counsel prepared their case, including the trial memorandum, in reliance on the lack of

4

medical evidence as to the plaintiff's injuries, particularly an opinion tying the alleged acts of the defendant officer to the claimed injuries.  Aside from the dispute over liability, causation is a significant issue.  Reopening discovery at this late date to permit testimony by the treating doctor would likely require defendants to depose Dr. Young and plaintiff and retain and disclose their own medical expert(s), and might well require a change in the theory of the defense, as well as a delay in the scheduled trial.

   Defendants seek an order precluding plaintiff from offering any medical treatment records from Dr. Young as exhibits at trial.  Medical reports and treatment records may not be used to circumvent the necessity for opinion testimony as to diagnosis, causation, and prognosis. Medical bills may be offered in the absence of a medical witness to prove damages, but only where a party has laid a proper foundation to link the services rendered to the allegedly improper acts of a defendant. For example, if handcuffing a plaintiff were lawful but the plaintiff contends that injury resulted, not from the handcuffing itself, but from some excessive force applied while in custody, a qualified witness would have to be able to distinguish between the two, or opine regarding the extent of exacerbation, before a plaintiff

could recover for the injury. In the absence of such a foundation, bills for treatment would not be admissible.

During the pretrial conference, plaintiff's counsel provided copies of plaintiff's treatment records from the Stony Creek Urgent Care center for August 6 and 11, 2010 and August 17, 2011, and treatment notes from Dr. Young for August 11, 2010 and August 17, 2011.[2] The Patient Discharge Note dated August 6, 2010, is not signed electronically and does not contain Dr. Young's signature or any treatment notes from Dr. Young. The discharge note states, "You were discharged by David Young M.D." The two page treatment notes dated August 11, 2010, is electronically signed, and bears Dr. Young's signature and contains a patient history, detailed review of systems, diagnoses, medications and plan. This transcription includes the line, "Patient was discharged by David Young M.D."  Attached is a separate  Patient Discharge Note dated August 11, 2010. The discharge note states, "You were discharged by David Young, M.D." and contains his signature. The two page treatment notes dated August 17, 2011, is also electronically signed, bears Dr. Young's signature and contains a patient history, detailed review of systems, diagnoses, and plan. This transcription includes the line,

---

[2] Plaintiff also provided page two of a two page treatment note by Dr. Young along with a Patient Discharge Note from January 9, 2012, when plaintiff was treated for a nose bleed. The parties agree that this medical record would not be used at trial.

6

"Patient was discharged by David Young M.D." Attached on a separate page is a Patient Discharge Note dated August 17, 2011, which states, "You were discharged by David Young, M.D." and contains Dr. Young's signature.

On the current record, the Court finds that plaintiff has not met the causation threshold linking the event underlying her complaint with her claimed injuries, based on Dr. Young's treatment records. Plaintiff's April 12, 2013, amended disclosure does not cure this deficiency. It is of no matter that this amended disclosure, as plaintiff argues, may be accepted practice in the Connecticut state courts. When a treating doctor is proposed to offer opinions on causation that are not expressed in the medical records, a party must provide the opinion in a signed expert report by the doctor in accordance with Fed. R. Civ. P. 26(a)(2)(B). The submitted treatment records and amended disclosure do not meet this causation threshold or the requirements of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

Defendants seek an order of dismissal for plaintiff's "repeated failure to cooperate with discovery and her recent failure to comply with the pretrial order." [Doc. #68 at 1]. Defendants argue that "plaintiff waited until the eve of trial to produce long overdue medical records, and has repeatedly delayed

7

disclosing the basic information that the defendants require in order to prepare for the rapidly approaching trial." [Doc. #68 at 1]. While true, the Court does not find dismissal warranted. The Motion for Sanctions seeking an order of dismissal is **DENIED** on the current record. **[Doc. #67].** The Motion for Sanctions is **GRANTED** as to attorney's fees and costs. An additional request for attorney's fees and costs necessitated by the nondisclosure may be filed after the completion of plaintiff's deposition.

Defendants' Motion in Limine to preclude plaintiff from introducing the medical records of Dr. Young and any expert testimony is **GRANTED** on the current record. **[Doc. #60].** Plaintiff may testify as a fact witness to the events at issue and any related subsequent medical treatment. She is cautioned, however, that she cannot offer a medical opinion or offer hearsay testimony regarding her treatment with Dr. Young or any other precluded physician or therapist; and the jury will be instructed on the requirements of proximate causation for any damages they award. On the current record, the medical records and expert opinion of Dr. Young are precluded, unless by November 1, 2013, plaintiff produces a signed expert report from Dr. Young expressing his opinions and the facts and the bases underlying those opinions, in compliance with Fed. R. Civ. P. 26(a)(2)(B) and the Federal Rule of Evidence 702.

If an expert report is produced by November 1, 2013, defendants' counsel will notify the Court if they intend to depose Dr. Young prior to trial, and will propose a schedule to depose Dr. Young and the plaintiff and a schedule for disclosure of a defense expert, if defendants chose to do so.  Any Motion to Preclude Dr. Young's revised expert report will be filed by November 15, 2013. The costs to continue the deposition of plaintiff will be paid by plaintiff.

**CONCLUSION**

Accordingly, Defendants' Motion for Sanctions **[Doc. #53]** is **GRANTED**; Motion in Limine **[Doc. #58]** is **GRANTED**; Motion in Limine **[Doc. #60]** is **GRANTED**; and Motion for Sanctions **[Doc. #67]** is **GRANTED in part and DENIED in part**.[3]

The trial scheduled for October 15, 2013, is cancelled due to the uncertainties associated with the Federal Government shutdown and pending resolution of the issues regarding expert discovery.

---

[3] This is not a Recommended Ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. #48 ] on April 25, 2013 with appeal to the Court of Appeals.  Fed. R. Civ. P. 73(b)-(c).

As directed at the pretrial conference, plaintiff will respond to defendants' Requests to Admit by Friday October 4, 2013, or the requests will be deemed admitted.

Plaintiff will provide a copy of the video recorded from the police cruiser to the Court by November 1, 2013.

Defendants will file a Motion for Reasonable Attorneys' Fees with supporting documentation incurred in the filing of the Motions for Sanctions and Motions in Limine [Doc. ##53, 58, 60 and 67] by November 1, 2013. Plaintiff's response is due November 15, 2013.

SO ORDERED at Bridgeport this 8th day of October 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE