```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

NATASHA WELLS                    :
                                 :
                                 :
v.                               :   CIV. NO. 3:10CV2000 (HBF)
                                 :
YALE UNIVERSITY                  :
BRIAN DONNELLY                   :
```

**<u>RULING ON DEFENDANTS' MOTION TO PRECLUDE [80]</u>**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983, alleging excessive force in violation of the United States Constitution, as well as a state law claim for assault and battery.[1] [Compl. Doc. #1]. Defendant Brian Donnelly is a police officer employed by Yale University in New Haven.

Pending is defendants' Motion to Preclude plaintiff from introducing any evidence or offering any testimony, expert or otherwise, concerning her treatment with Dr. David Young. [Doc. #80]. In a ruling dated October 8, 2013, the Court recited defendant's significant efforts to get plaintiff to provide medical records and an expert report from Dr. Young. [Doc. #73 at 4]. After careful review, the Court found that plaintiff's "submitted treatment records and amended disclosure [did] not [meet the] causation threshold or the requirements" for

---

[1] Count One alleges common law assault and battery against defendant Donnelly; Count Two alleges the same against Yale University; and Count Three alleges excessive force against both defendants pursuant to 42 U.S.C. §1983. On July 28, 2011, Count Three was dismissed against Yale University. [Doc. #18].

1

submission of an expert report by a doctor in accordance with Fed. R. Civ. P. 26(a)(2)(B). [Doc. #73 at 7]. The Motion in Limine to preclude the medical records of Dr. Young and any expert testimony was granted. Plaintiff was allowed to November 1, 2013, to "produce a signed expert report from Dr. Young expressing his opinions and the facts and the bases underlying those opinions, in compliance with Fed. R. Civ. P. 26(a)(2)(B) and the Federal Rule of Evidence 702." [Doc. #73 at 8]. On November 4, 2013, plaintiff's counsel provided defendants with an undated letter from Dr. Young, which counsel described as a "signed medical report," along with the doctor's curriculum vitae. [Doc. #81 Ex. A].

Pending is defendants' renewed Motion to Preclude, arguing that the November 4, 2013 letter from Dr. Young "falls woefully short of the causation threshold and the requirements regarding the admissibility of expert medical testimony, as well as Fed. R. Civ. P. 26(a)(2)(B) and Federal Rule of Evidence 702. " [Doc. #80].

Dr. Young's undated letter states that he

> examined Natasha Wells . . . on 8/6/2010 for injuries sustained on the evening of 8/5/2010. Ms. Wells reported that she was assaulted by the Yale Police who grabbed her throat. Her chief complaint was sore throat, neck and arm pain. My exam revealed neck stiffness, tenderness and spasm of the sternocleidomastoid muscles of the neck

2

> bilaterally as well as tenderness, ecchymosis and abrasions over the mid biceps of both arms.
>
> . . . .
>
> As a board certified Emergency Medicine [sic] it is my opinion that the injuries and complaints for which I saw Ms. Wells are consistent with assault as supported by her discharge diagnoses.

[Doc. #82 Ex. A].[2] Dr. Young does not state he relied on any treatment records in rendering this opinion on causation. The problem with Dr. Young's letter, and the reason why it is precluded, is that there is no treatment record for that date. There is only an unsigned Patient Discharge Note from August 6, 2010, from Stony Creek Urgent Care that contains no information on Ms. Well's reported assault or Dr. Young's findings on examination. Indeed, there is no mention of her reported symptoms. The August 6, 2010, Discharge Note at page one contains a cover sheet, "L. Musco TIME IN 4:49PM," with handwritten notations "paid in full Visa" and "Contusions." Page two is the "Patient Discharge Note," dated August 6, 2010, stating "Your diagnoses for today's visit are: ASSAULT BY UNS MEANS; ASSAULT BY HANGING STRANGULATION; Contusion of Face/Neck/Scalp; CONTUSION OF MULTIPLE SITES UP LMB; CRUSING INJURY OF NECK." It was recommended that plaintiff return to the clinic in three days if not improved, or return sooner if her condition worsened.

---

[2] In addition, Dr. Young lists the discharge diagnoses as: Crushing injury of neck; Contusion of Multiple Sites of Upper Limb, Contusion of face/neck/scalp; Assault by unspecified means; and Assault by hanging/strangulation. Id.

3

Plaintiff was provided with "Exit Care Documents" Bruise (Contusion, Hematoma) and Neck Injury-Home Care After. <u>See</u> 8/6/10 Patient Discharge Note at 3-4.  The last line of the August 6, 2010 Discharge Note at page two states, "You were discharged by David Young-MD on 8/6/10 5:34:57 PM."  Page two of the Discharge Note is unsigned. The Court finds that, to the extent that the Stony Creek Urgent Care Patient Discharge Note dated August 6, 2010, was relied on in producing Dr. Young's undated letter, it does not support his conclusions.[3]

**CONCLUSION**

Accordingly, Defendants' Motion to Preclude **[Doc. #80]** is **GRANTED**.[4]

A telephone pretrial conference is scheduled for January 13, 2014, at 11:45AM, to set a date for jury selection and trial.

SO ORDERED at Bridgeport this 12th day of December 2013.

                                                 /s/
                                          HOLLY B. FITZSIMMONS
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] There is also a Stony Creek Urgent Car Center two page "Transcriptions" concerning a visit on August 11, 2010, in which plaintiff was apparently seen by Dr. Young. This contains no causation finding and diagnosis, "Injury Face/Neck" and "Sprain/Strain of Neck."

[4] This is not a Recommended Ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. #48 ] on April 25, 2013 with appeal to the Court of Appeals.  Fed. R. Civ. P. 73(b)-(c).